## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BulletProof Productions, LLC,
618 West 46th Street
New York, NY 10036,

               Plaintiff,

    v.

SMALL BUSINESS ADMINISTRATION,
409 3rd Street, SW
Washington, DC 20416,

ISABELLA CASILLAS GUZMAN,
Administrator, Small Business Administration,
409 3rd Street, SW
Washington, DC 20416,

               Defendants.

Civil Action No. _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff BulletProof Productions, LLC ("BulletProof Productions"), by and through its

attorneys, alleges and states as follows:

### INTRODUCTION

1.      This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706,

and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal

financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA")

and its Administrator, Isabella Casillas Guzman.

2.      The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as

amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program

to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3.      In March 2020, the COVID-19 pandemic shuttered BulletProof Productions, a theatrical production company specializing in haunted houses. The company suffered a 100 percent loss of income from calendar year 2019 to calendar 2020. BulletProof Productions requires an SVOG award to sustain operations—exactly the purpose of the SVOG Program.

4.      BulletProof Productions demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA. The SBA denied both BulletProof Productions' application and its appeal, giving no reason for the initial denial and providing only a conclusory statement with the appeal denial that fails to explain the agency's reasoning.

5.      SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though BulletProof Productions demonstrated that it is an eligible theatrical producer, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of BulletProof Productions' application.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

7.      Venue lies in this district under 28 U.S.C. § 1391(e)(1).

8.      This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9.     Plaintiff BulletProof Productions, LLC, a New Jersey Corporation, is a theatrical production company specializing in haunted house productions in New York City that feature actors, scripted scenes, and improvisation.

10.    Defendant Small Business Administration is an independent agency of the federal government.  The SBA's mission is to help Americans start, build and grow businesses.

11.    Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations.  Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

**A.     Shuttered Venue Operators Grant Program**

12.    The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues.  Pub. L. No. 116-260 § 324.  The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards.  Pub. L. No. 117-2 § 5005(a).

13.    SVOG awards may be used for specified business expenses, including payroll, rent and utility payments, that are incurred between March 1, 2020, and December 31, 2021.  15 U.S.C. § 9009a(d)(1)(A)(i).

14.    An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019 or, if it began operations after January 1, 2019, in an amount equal to its average 2019 monthly gross earned revenue multiplied by 6, up to a maximum award of $10 million.  15 U.S.C. § 9009a(c).

15.     Eligible businesses with 2021 first quarter revenues of no more than 30% of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50 percent of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million.  15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees.  Supplemental awards can be used for costs incurred through June 30, 2022.  15 U.S.C. § 9009a(d)(1)(A)(i).

16.     Eligible entities under the Act include theatrical producers, as well as live venue operators and promoters, live performing arts organization operators, museum operators, motion picture theatre operators, and talent representatives.  15 U.S.C. § 9009a(a)(1)(A).

17.     In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen.  15 U.S.C. § 9009a(a)(1)(A).  The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange, employing more than 500 employees, and presenting live performances of a prurient sexual nature.  *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

18.     The Act defines theatrical producer to include an entity that as a principal business activity organizes, promotes, produces or hosts "theatrical productions" for which there is a ticketed cover charge, performers are paid, and not less than 70 percent of revenue is generated through ticket sales or event beverages, food or merchandise.  15 U.S.C. § 9009a(a)(3)(A)(i).

19.     The Act specifies that for a theatrical producer (as well as a live venue operator, live venue promoter, or live performing arts organization operator) to be eligible, it must have additional characteristics.  It must put on events with a defined performance and audience space; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media.  15 U.S.C. § 9009a(a)(1)(A)(iii).

**B.     BulletProof Productions' SVOG Application and the SBA's Denial**

20.     On April 26, 2021, BulletProof Productions applied for a SVOG award of $358,504.45.

21.     In its application, BulletProof Productions demonstrated that it satisfied the criteria for eligibility as a theatrical producer.  BulletProof Productions demonstrated that its losses in 2020 exceeded the 25% statutory threshold by submitting its federal tax returns for 2019 and 2020.  It submitted a sample contract with an actor that provided for payment at a guaranteed hourly rate along with documentation showing that it met the other application criteria, and provided the certifications of eligibility required by the SBA's guidance on SVOG applications.

22.     On June 22, 2021, BulletProof Productions learned from the SBA's portal that its application was denied.  The portal's denial notice gave no explanation of the reason why the SBA found BulletProof Productions ineligible.

23.     On August 9, 2021, BulletProof Productions submitted an administrative appeal of the denial to the SBA.  Because the denial included no explanation, BulletProof Productions'

application and appeal elaborated on why it satisfies all of the criteria for eligibility as a theatrical producer.

24.     BulletProof Productions' application and appeal explained in detail and with supporting documentation how the company meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for a theatrical producer. BulletProof Productions' supporting documentation included: a sample contract with a performing artist; a sample contract for a sound engineer and stage manager; sample marketing materials; evidence of ticket sales, ticket pricing, operations as of February 29, 2020, and merchandise sales; financial statements for 2019 and 2020; a venue floor plan showing and explaining the separate performance and audience spaces; and information regarding the lighting rig, audio mixing systems, and public address system, including a certificate of insurance.

25.     That SBA has approved SVOG awards for similarly situated theatrical producers that put on haunted houses, like Haunted Hayrides of Delaware Valley Inc., further evidences BulletProof Productions' eligibility.

26.     On November 4, 2021, the SBA notified BulletProof Productions by email that its appeal was denied.  The SBA provided a conclusory statement with the appeal denial that fails to explain the agency's reasoning: "Applications were declined for one or more of the reasons provided below…Your application was declined, at least in part, based on number 10." "Number 10" in the SBA's list provides only limited information "[d]id not meet the principal business activity standard for the entity type under which applied." SBA also included in the denial that the email "may not be a comprehensive list of reasons for your decline", directed BulletProof Productions to fill out a form to obtain "additional information", and added that "The SBA will

aim to provide this more specific detail on appeal declines once the SVOG initial application reviews are complete."

27.    The SBA's denial of BulletProof Productions' appeal is the agency's final decision.

## CLAIMS FOR RELIEF

28.    The courts recognize a strong presumption favoring judicial review of administrative action.

29.    The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.

30.    The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review."  5 U.S.C. § 704.

31.    The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence."  5 U.S.C. § 706(2)(A) and (E), respectively.

32.    The SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I - ARBITRARY AND CAPRICIOUS AGENCY ACTION

33.    BulletProof Productions realleges and incorporates by reference each of the preceding paragraphs and allegations.

34.    A basic requirement of administrative law is that an agency provide the reasons for its decisions.  However, the SBA gave no reason for denying BulletProof Productions' application, and provided only a conclusory decision that does not explain the agency's reasoning when it denied BulletProof Productions' appeal.

35.     Indeed, the SBA's decision on BulletProof Productions' application conflicts with the evidence of BulletProof Productions' eligibility that it presented to SBA in its application and in its appeal.

36.     The SBA further erred by treating BulletProof Productions disparately from similarly situated businesses that were granted SVOG awards.  Specifically, the SBA approved the SVOG application of Haunted Hayrides of Delaware Valley, Inc.

37.     For each of these reasons, the SBA's denial of BulletProof Productions' SVOG award request is arbitrary and capricious.

## COUNT II - AGENCY ACTION CONTRARY TO LAW

38.     BulletProof Productions realleges and incorporates by reference each of the preceding paragraphs and allegations.

39.     BulletProof Productions satisfies the Act's general eligibility criteria for a SVOG award and specific eligibility criteria for an award as a theatrical producer.

40.     The SBA's denial of BulletProof Productions' SVOG award request therefore violated the Act and is contrary to law.

## COUNT III - AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

41.     BulletProof Productions realleges and incorporates by reference each of the preceding paragraphs and allegations.

42.     The SBA's denial of BulletProof Productions' SVOG award request is supported by no evidence in the record, let alone substantial evidence.  BulletProof Productions' application and appeal presented evidence which demonstrates BulletProof Productions' eligibility for a SVOG award.

43.     The SBA's denial of BulletProof Productions' SVOG award request is thus unsupported by substantial evidence.

## PRAYER FOR RELIEF

For the foregoing reasons, BulletProof Productions respectfully requests that this Court:

1.      Declare unlawful and set aside Defendants' denial of BulletProof Productions' SVOG award request.

2.      Preliminarily and permanently order Defendants to consider BulletProof Productions' application for a SVOG award consistent with applicable law and the evidence before the SBA.

3.      Preliminarily and permanently order Defendants to award BulletProof Productions $358,504.45 in SVOG funds.

4.      Preliminarily and permanently order Defendants to grant BulletProof Productions' a supplemental SVOG award of $179,252.23.

5.      Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG initial and supplemental grant awards.

6.      Award Plaintiff its costs and reasonable attorney fees; and

7.      Grant such other and further relief as the Court deems just and proper.

Dated: November 15, 2021                    Respectfully submitted,

*/s/* Caroline L. Wolverton

_____

Angela B. Styles
D.C. Bar No. 448397
Caroline L. Wolverton
D.C. Bar No. 496433
Michael William Fires
D.C. Bar. No. 1644614
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, DC 20006 |
(202) 887-4000

*Counsel for Plaintiff BulletProof Productions, LLC*